**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| JEROME O. ONWUAZOR, # 28287-037 | : | |
| Petitioner | : | Civil Action No. JFM-12-37<br>Criminal Action No. JFM-91-305 |
| v. | : | |
| UNITED STATES OF AMERICA | : | |
| Respondent | : | |

. . . . . . . . . . . .o0o. . . . . . . . . . .

## MEMORANDUM

Pending is Jerome Onwuazor's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. ECF No. 545. For the following reasons, the petition will be dismissed without prejudice for lack of jurisdiction.

In 1992, Onwuazor was convicted of violating federal controlled substances laws. His first Motion to Vacate, Set Aside or Correct Sentence challenging his judgment was denied on March 28, 2002, s*ee Onwuazor v. U.S.,* Civil Action Nos. JFM-98-1320,[1] (ECF Nos. 491 and 492) thus making the instant § 2255 Motion is successive.

Successive motions under section 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§2244(b)(3)(A)& 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*). Since Onwuasor does not indicate whether he has complied with the procedural requirements for a successive petition, the instant motion will be dismissed without prejudice for lack of jurisdiction.[2]

---

[1] Onwuazor filed his first § 2255 motion in Civil Action No. JFM-98-1320 (D. Md). Following his appeal of his sentence of conviction, he filed a second § 2255 motion in JFM-91-1487 (D. Md). The Court directed JFM-98-1320 to be re-opened and the pleading filed in JFM-01-1487 treated as an amendment to the motion filed in JFM-98-1320. ECF Nos. 475-478.

[2] An information packet for requesting pre-filing authorization will be sent to petitioner.

The petition provides no basis for issuance of a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. *See* 28 U.S.C. § 2253(c) (1). "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at §2253(c) (2). The defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282, (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484, (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983).

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484 (2000)). Denial of a certificate of appealability does not prevent petitioner from seeking permission to file a successive petition, or pursuing his claims after obtaining such permission.

The court will dismiss the petition without prejudice for lack of jurisdiction. Onwauzor may seek redress by filing a Motion to Vacate, Set Aside or Vacate after obtaining the requisite appellate pre-authorization. An order consistent with this memorandum follows.

|  |  |
|---|---|
| ___January 26, 2012___<br>Date | _____/s/_____<br>J. Frederick Motz<br>United States District Judge |